Latrice McFARLAND, Plaintiff—
Appellant,

v.

CITY AND COUNTY OF SAN FRAN-
CISCO, et al., Defendants—Ap-
pellees.

No. 01–16576.

D.C. No. CV–00–2878–MMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Aug. 5, 2002.

Before CANBY and RYMER, Circuit
Judges, and BERTELSMAN,* District
Judge.

MEMORANDUM **

Appellant Latrice McFarland appeals
the district court's grant of partial judg-
ment on the pleadings to the appellees
under Rule 12(c) of the Federal Rules of
Civil Procedure. McFarland filed a 42
U.S.C. § 1983 action in federal court based
on allegations of constitutional violations
under color of law for excessive force used
during a body cavity search. The district
court held that McFarland's federal claims
were barred under *Heck v. Humphrey*, 512
U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383
(1994), and her state law claims were dis-
missed without prejudice. We have juris-

diction under 28 U.S.C. § 1291 and we
reverse.

In *Heck* the United States Supreme
Court held that a 42 U.S.C. § 1983 action
that would call into question the lawfulness
of a plaintiff's conviction or confinement is
not cognizable, and does not accrue unless
the plaintiff can prove that her conviction
has been reversed or otherwise overturned
in appropriate proceedings directed to-
ward that end. This Court followed *Heck*
in *Harvey v. Waldron*, 210 F.3d 1008 (9th
Cir.2000), and the district court relied
heavily on *Harvey* to dismiss McFarland's
claims.

We conclude that neither *Heck* nor *Har-
vey* are implicated in McFarland's case
because her conviction was based on a
guilty plea. Instead, we find that *Ove v.
Gwinn*, 264 F.3d 817 (9th Cir.2001) con-
trols our decision in this matter. In *Ove*
this Court held that a conviction based on
a guilty plea was not barred by *Heck*. *Ove*,
264 F.3d at 823.

Further, in *Ove*, 264 F.3d at 823, which
involved blood evidence, this Court noted
the issue in that case revolved around the
*manner* in which the blood was drawn.
Thereafter, this Court compared the facts
in *Ove* to our decision in *Smithart v. Tow-
ery*, 70 F.3d 951, 952 (9th Cir.1996), where-
in we allowed claims for excessive force
used during an arrest to survive a *Heck*
analysis. Relying on *Smithart*, we held
that the district court erred in ruling that
*Heck* barred the claims in *Ove*.

Likewise in the present case, McFar-
land's claims are based on the *manner* in
which the evidence was seized during the
search. Her § 1983 claims are based on
excessive force being used during the body

---

* The Honorable William O. Bertelsman, Senior
United States District Judge for the Eastern
District of Kentucky, sitting by designation.

cavity search, not on the underlying validity of the search. Based on *Ove,* we hold that the present action does not have the possibility of undermining McFarland's conviction. Therefore, the district court erred in granting partial judgment on the pleadings to appellees.

REVERSED.

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

